UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JUAN C. PADUA,
MICHAEL VASQUEZ,

     Defendants.

---

1:20-CR-00191 – LJV-MJR

DECISION AND ORDER

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 15). Before the Court are omnibus pretrial motions brought by defendants Juan C. Padua (Dkt. No. 36) and Michael Vasquez (Dkt. No. 37) (collectively "defendants"). The Court's decisions as to the various non-dispositive motions and discovery demands are set forth in detail below.

## BACKGROUND

On December 9, 2020, a federal grand jury returned an Indictment charging defendants Padua and Vasquez with the following offenses: (1) conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Section 846; and (2) attempting to possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2. (Dkt. No. 13).

Defendants have each filed omnibus motions seeking, *inter alia*, compelled production of *Brady/Giglio* material, early disclosure of Jencks Act material, disclosure of grand jury minutes, and provision of a bill of particulars, as well as additional discovery and disclosure demands. (Dkt. Nos. 36; 37). The Government filed a response to the pretrial motions of each defendant and made cross-demands for reciprocal discovery. (Dkt. Nos. 44; 45).

The Court heard oral argument on the pretrial motions on June 9, 2021 and considered the matter submitted at that time.[1]

## DISCUSSION

Rule 16 Discovery

Defendants move for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 36, pgs. 5-6; 37, pgs. 3-13, 22). Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal

---

[1] Counsel for Vasquez was not present for oral argument; therefore, the Court considered his motions submitted on the papers.

Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." See Fed. R. Crim. P. 16(a)(2).

Here, defendants have requested, *inter alia*, all statements of defendants, reports of physical or mental examinations and scientific tests, visual or audio identification procedures, defendant's criminal history information, investigative reports and documents, any wiretap, pen register or search warrant applications, video or audio recordings, photographs, a list of expert witnesses and their reports, and other physical evidence in the custody or control of the Government. The Government submits that it has provided defendants with all requested items, in its possession, that are relevant to this case and discoverable pursuant to Rule 16.[2]

Based upon the representations made by the Government in their written responses and during oral argument, and consistent with the Court's directives described above, defendants' requests for discovery pursuant to Rule 16 are denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. See Fed. R. Crim. P. 16(c).

Rules 404(b), 608, and 609 Evidence

Defendants move for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 36, pgs. 6-7; 37, pg. 13). Defendants also move for pretrial disclosure of

---

[2] At oral argument, counsel for Padua noted certain outstanding discoverable items, namely extraction reports from seized cell phone(s) and tablet(s). (*See* Dkt. No. 36, pg. 5). Nonetheless, counsel requested that the matter not be left in a pretrial posture awaiting said discovery. The Government represented that the requested extraction reports are not available because the Government has not been able to access content on the devices. The Government is directed to produce such reports if and when the materials become available.

3

impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 and will address same in its pre-trial memorandum to the District Court. The Government further states that, pursuant to Rule 609, it intends to impeach defendants with their own criminal, parole, or probation history should either defendant elect to testify at trial. The Government indicates it will provide this information consistent with the disclosure of Jencks Act material. The Government states that should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendants in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Rule 608 of the Federal Rules of Evidence does not contain the same pretrial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendants' motions are denied as moot. The Court instructs that any disclosure should be done in accordance with the District Court's pretrial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, 609, and 807 is left to the determination of the District Court at the time of trial.

## Compel Production of *Brady/Giglio* Material

Defendants move for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady, Giglio* and their progeny.[3] (Dkt. Nos. 36, pgs. 8-12; 37, pgs. 13-20). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the Government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

Padua specifically requests disclosure of exculpatory statements made by Vasquez to law enforcement, as well as any additional exculpatory statements or evidence in the Government's possession. (Dkt. No. 36, pg. 9-10). Defense counsel acknowledges receipt of videotaped statements of Padua and Vasquez, but objects to delays in the Government's production of the recordings. The Government responds that it turned over the recorded statements as soon as it came into possession of the recordings. (Dkt. No. 44, pg. 5). The Government also maintains that the existence of the potentially exculpatory statement, and its context, was disclosed to defendant at the time the Criminal Complaint was filed.

The Government further submits that it is mindful of its obligations under *Brady* and its progeny. The Government indicates that it is not in possession of any additional exculpatory *Brady* material but that it will disclose any exculpatory information it should become aware of. The Government agrees to provide impeachment *Brady* material, namely, promises of leniency or immunity agreements with witnesses, criminal records of

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

witnesses, immoral or criminal acts committed by witnesses, and prior inconsistent statements, prior to the commencement of trial and when the Government produces Jencks Act material. Given the Government's representations, defendants' motion to compel the production of Brady/Giglio material is denied. Consistent with Coppa, the Government is reminded of its continuing obligation to timely disclose any Brady and Giglio material to defendant. See United States v. Padovani, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

Early Disclosure of Witness Statements and Jencks Act Material

Defendants move for early disclosure of witness names and statements prior to trial. (Dkt. Nos. 37, pgs. 12-14; 37, pgs. 20-12). The Government has no general duty to disclose the identities of its witnesses before trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony. See also Jencks v. United States, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. See 18 U.S.C. § 3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendants adequate time to prepare and, in accordance with the District Court's pretrial order, to permit the Court to conduct the trial in an orderly and efficient manner. In light of these representations, defendants' requests for early disclosure of witness statements are denied as moot.

Bruton Request / Conspiracy Hearing

Defendants make a request under *Bruton v. United States*, 391 U.S. 123 (1968) to bar the admission into evidence all oral or written statements or confessions by any non-testifying co-defendants or co-conspirators that the Government intends to introduce at trial that may tend to inculpate the defendant. (Dkt. No. 36, pg. 15). Defendants also frame this as a request for a conspiracy hearing regarding the existence of a conspiratorial agreement prior to admission of conspiratorial hearsay. (*Id.*). The Government counters that it will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time designated by the trial court for a proffer.

As a general rule, this type of motion is best considered by the trial judge. *United States v. Anguiera*, 11-CR-116, 2012 U.S. Dist. LEXIS 51862, at *3 (W.D.N.Y. Apr. 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements...[i]s better considered by the District Judge prior to trial and deferred for that consideration"). For this reason, the Defendants' request is denied without prejudice to renew this motion before the District Court.

Bill of Particulars

Defendants move for a bill of particulars. (Dkt. Nos. 36, pgs. 16-19; 37, pg. 3). They seek particularization as to, *inter alia*, the alleged members of the conspiracy, the date,

7

place, details of formation of the conspiracy, details of overt acts allegedly committed in furtherance of the conspiracy, each defendant's role in the alleged conspiracy, and identities of all unindicted co-conspirators. (*Id.*).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). Further, it is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Here, the Court finds that a bill of particulars is unnecessary because the specific allegations contained in the Indictment, together with the discovery already provided, are sufficiently clear. Contrary to defendants' belief, the Government is not required to particularize overt acts, unnamed co-conspirators, and other details regarding the alleged conspiracy. *See United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts

it will prove in establishing a conspiracy charge[.]"); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) ("The defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the [ ] enterprise and conspiracy.") (quoting *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)).

The charges are neither complex nor difficult to understand. They allege that between July 21, 2020 and July 23, 2020 defendants engaged in a conspiracy to distribute controlled substances and that they attempted to possess with intent to distribute 500 grams or more of a substance containing cocaine. Further, the Government submits that it has already provided considerable information to the defendants in addition to the charges of the Indictment; including voluntary discovery and information contained in the criminal complaint filed prior to the Indictment. The Government argues that defendants have not offered any specific facts or reasons to justify a finding that further particularization is necessary.

Defendants are not permitted to use a bill of particulars to learn evidentiary detail or the Government's legal theory. The Indictment plainly allows defendants to identify the charges against them, avoid surprise at trial, and interpose a plea of double jeopardy if necessary. For these reasons, defendants' request for a bill of particulars is denied.

<u>Disclosure of Informant Identities</u>

Defendants move for disclosure of the identities of all informants used by the Government in the course of its investigation. (Dkt. Nos. 36, pgs. 19-25; 37, pgs. 21-22). Defendants also seek potential impeachment material as to these individuals. (*Id.*) The Government objects to this request on the grounds that defendants have not shown a particularized need for this information.

9

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). The informant's privilege must give way, however, if disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendants have not provided any specific reasons as to why informant identities are material or necessary to their defense. They do not offer an explanation of what the informants might testify about, nor do they establish its relevance to the crimes charged here. Instead, defendants make general statements that disclosure of informant information is necessary for the preparation of their defenses for trial. This is insufficient to meet the burden. If and when an informant is to be called as a witness at trial, defendants will have access to his or her identity as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, if an informant reveals

exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, defendants' motion for disclosure of informant identities is denied.

Grand Jury Testimony

Defendants request production of grand jury transcripts, minutes, and exhibits on the grounds that the charges contained in the Indictment are flawed and facially insufficient. (Dkt. No. 36, pgs. 25-26). The Government opposes these requests and previously indicated that it will disclose any grand jury testimony that constitutes 3500, *Brady,* or *Giglio* material. The burden is on the defense to show that "a particularized need" exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Calandra,* 414 U.S. 338, 345 (1974). A defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of Government misconduct." *United States v. Leung,* 40 F.3d 577, 582 (2d Cir. 1994). Here, Padua asserts that grand jury transcripts should be turned over to the defense, or submitted for *in camera* review, on the basis that the grand jury was misled or charged incorrectly. Padua makes this claim based on the allegedly exculpatory statement Vasquez provided to law enforcement about Padua's role in the conspiracy.

Defendants have not made an adequate showing of "particularized need" to outweigh the policy of grand jury secrecy. Further, defendants' mere speculations that the grand jury had insufficient evidence on which to indict them is not enough to overcome the presumption of regularity attached to grand jury proceedings. *See Ostrer v. Aronwald,*

567 F.2d 551, 553-53 (2d Cir. 1977). Therefore, to the extent that defendants request grand jury material that is not also 3500, *Brady* or *Giglio* material, the motion is denied.

### Identification Procedures

Defendant moves for notification of any identification procedures used with respect to any witness from which the Government intends to elicit an in-court identification at trial. (Dkt. No. 37, pgs. 22-23). Defendants reserve their rights to move for a hearing regarding the propriety of any identification procedures used. The Government responds that no identification procedures were used in this case. In light of the Government's representation, the Court denies defendants' request as moot.

### Preservation of Rough Notes

Defendants move for an order requiring all federal, state or local agents and officers to retain and preserve all rough notes taken in the course of the investigation. (Dkt. Nos. 36, pg. 27). Defendants further request that the Government preserve notes made by Government witnesses, including state and local authorities, in the event they later become discoverable. (*Id.*). The Government maintains that it will endeavor to maintain these materials, should they exist. The Court grants defendants' motion and the Government is directed to preserve all rough notes and items of evidence. *See United States v. Jones*, 2014 U.S. Dist. LEXIS 84452, at *16 (W.D.N.Y. May 29, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 84023 (W.D.N.Y. June 19, 2014), (quoting *United States v. Coates*, U.S. Dist. LEXIS 105689, 2013 WL 3897484, at *5 (W.D.N.Y. July 29, 2013)).

### Joinder of Motions

Defendants have moved to join in each other's pre-trial motions. (Dkt. Nos. 36, pg. 28; 37, pg. 23). Defendants' requests for joinder are granted with the further directive and findings that the decisions made by this Court as to each defendant's motions shall also be deemed a finding and order as to all other defendants in this case, to the extent relevant. In the event an issue or motion applies only to one specific defendant, the defendant will be expressly named.

### Leave to File Additional Motions

Defendants also move to preserve their right to make further and additional motions. (Dkt. Nos. 36, pgs. 27; 37, pg. 23). To the extent defendants intend to bring motions based upon new rulings, information or evidence, their requests for leave to file additional motions are granted. To the extent defendants intend to bring motions concerning issues that could have been raised prior to the previous motion deadline, defendants' requests are denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

### Government's Request for Reciprocal Discovery

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. Nos. 44, pgs. 19-20; 45, pgs. 19-20). The Government's

motion for reciprocal discovery is granted, and defendants are reminded that their disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, defendants' non-dispositive pre-trial motions (Dkt. Nos. 36; 37) are decided in the manner set forth above, and the Government's requests for reciprocal discovery (Dkt. Nos. 44; 45) are granted.

SO ORDERED.

Dated: June 30, 2021
Buffalo, New York

HON. MICHAEL J. ROEMER
United States Magistrate Judge